IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL HART and PATRICIA HART, husband and wife, | : | CIVIL ACTION NO.: 1:24-cv-114 |
| | : | |
| *Plaintiffs*, | : | COMPLAINT |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| GANIDJON TURGUNBAEV, and SUN EXPRESS, INC., | : | |
| | : | |
| *Defendants.* | : | |
| | : | |

## COMPLAINT IN A CIVIL ACTION

**COME NOW** the Plaintiffs, by and through their attorneys, Erin K. Rudert, Esquire, and Ainsman Levine, LLC, and allege as follows:

### I.   PARTIES

1.   Plaintiffs, MICHAEL HART and PATRICIA HART, are married adult individuals and citizens of Canada with a current address of 21 Lincoln Avenue, St. Catharines, Ontario, Canada L2P2C7.

2.   Defendant, GANIDJON TURGUNBAEV, is an adult individual with a last known address of 3106 Morning Sun Court, Erie, Erie County, Pennsylvania 16506.

3.   Defendant, SUN EXPRESS, INC. ["Sun"], is a corporation existing under the laws of Pennsylvania with its principal place of business located at 3106 Morning Sun Court, Erie, Erie County, Pennsylvania 16506.

### II.   JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to complete diversity of citizenship under 28 U.S.C. § 1332 as the amount in controversy exceeds the value of $75,000, exclusive of interest and costs.

5. This has Court has supplemental jurisdiction over all other claims or aspects of this matter that are so related to form part of the same case or controversy pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(2), as the conduct giving rise to the within matter occurred in Crawford County, Pennsylvania, which is part of this judicial district.

### III.    ALLEGATIONS OF FACT

7. The events complained of herein occurred on or about March 10, 2023, at or about 11:25 a.m., on Interstate 79 northbound in Cussewago Township, Crawford County.

8. At all times material hereto, Interstate 79 in the area described above existed as a paved, four lane, limited access divided highway, with two lanes of travel for northbound traffic

9. At all times material hereto, Plaintiff, MICHAEL HART, was operating a tractor-trailer northbound on Interstate 79 in the right northbound lane.

10. At all times material hereto, Defendant, TURGUNBAEV, was operating a tractor-trailer combination consisting of a 2016 Volvo truck tractor bearing Pennsylvania license plate number AH02910 and a TRAO semi-trailer bearing Pennsylvania license plate number PT6456Z ["the Sun Express vehicle"].

11. At all times material hereto, Defendant, TURGUNBAEV, was operating the Sun Express vehicle northbound on Interstate 79 in the left northbound lane at a speed faster than the speed at which Plaintiff was operating his tractor-trailer combination.

12.     At all times material hereto, as Defendant, TURGUNBAEV, attempted to pass Plaintiff's vehicle, Defendant lost control of the Sun Express vehicle and operated the vehicle off the left/west berm of Interstate 79, continued to operate the vehicle in an uncontrolled manner and re-entered Interstate 79 northbound, passing through the left northbound lane and entering the right northbound lane, striking Plaintiff's vehicle and causing a violent collision, which pushed Plaintiff's vehicle off the right/south berm of Interstate 79.

13.     As Plaintiff was attempting to maintain control over his vehicle and re-enter Interstate 79 after the first strike by the Sun Express vehicle, Plaintiff's vehicle was struck a second time by Defendant, TURGUNBAEV, as he continued to operate the Sun Express vehicle in an out control manner, causing Plaintiff's vehicle to be pushed to the right off the right/south berm of Interstate 79 northbound, a second time completely exiting the roadway and entering a ditch.

14.     As a result of this series of collisions and impacts, both from Plaintiff's vehicle being struck by the Sun Express vehicle and being pushed off the paved roadway into the berm/ditch on the east berm of Interstate 79 southbound, Plaintiff was caused to be thrown about and against the interior of his vehicle, and strike his head and body thereon multiple times.

15.     At all times material hereto, it is believed and therefore averred that Defendant, TURGUNBAEV, was employed, contracted, or otherwise retained by Defendant, SUN EXPRESS, INC., as a professional driver.

16.     At all times material hereto, the Sun Express vehicle described herein was under the ownership, care, control, possession, and/or direction of Defendants, TURGUNBAEV and SUN EXPRESS, INC., either individually, jointly, and/or in some combination thereof.

17. At all times material hereto, Defendant, TURGUNBAEV, was operating the Sun Express vehicle in the course and scope of his employment with Defendant, SUN EXPRESS, INC., and was acting within the scope of his authorization in operating the above-described vehicle.

18. At all times material hereto, Defendant, TURGUNBAEV, was operating the above-described tractor-trailer combination at the direct instruction of Defendant, SUN EXPRESS, INC., and was operating said vehicle in furtherance of Defendant, SUN EXPRESS, INC.'S, business.

19. It is believed and therefore averred that Defendant, TURGUNBAEV, was operating the Sun Express vehicle while distracted and/or impaired by his physical condition, and operated the vehicle off the roadway when no conditions present account for the vehicle's initial departure from the roadway into the west berm.

20. As a direct and proximate result of Defendants' individual, vicarious, joint, several, and combined negligence, careless, and recklessness in causing the within-described motor vehicle collision, Plaintiff was caused to suffer and sustain the following serious and severe injuries, some or all of which may be permanent in nature:

   a. Traumatic brain injury;
   b. Left should injury;
   c. Blunt force trauma to the head;
   d. Concussion;
   e. Neck injury;
   f. Post-traumatic headaches;
   g. Fatigue;
   h. Dizziness;
   i. Sleep disturbance;
   j. Impaired concentration;

  k. Memory issues; and

  l. Possible other serious and/or permanent injuries.

21. As a result of the aforementioned injuries, Plaintiff, MICHAEL HART, has sustained the following damages:

  a. He has endured and may continue to endure pain, suffering, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma;

  b. He has and may continue to suffer a loss of earnings and/or loss of earning capacity;

  c. He has been and may continue to be required to expend money for medical treatment and care, medical supplies, rehabilitation, medicines, and other attendant services;

  d. His general health, strength, and vitality have been impaired; and

  e. He has been and may in the future be unable to enjoy various pleasures of life that he previously enjoyed.

## COUNT I
## MICHAEL HART v. GANIDJON TURGUNBAEV, and SUN EXPRESS, INC., NEGLIGENCE

22. All preceding paragraphs of this Complaint are incorporated herein by reference.

23. At all times material hereto, Defendant, TURGUNBAEV, was employed as a commercial driver and was operating the Sun Express vehicle for the purpose of interstate trucking and commerce and was subject to all of the licensing, operation, fitness, and other conduct requirements of both state and federal law pertaining to professional drivers, including, but not limited to, the Federal Motor Carrier Safety Regulations.

24. At all times material hereto, it is believed and therefore averred that Defendant, TURGUNBAEV, was an employee of Defendant, SUN EXPRESS, INC., and was employed as a driver to operate the Sun Express vehicle and was acting within the course and scope of his employment in operating said vehicle.

25. The collision described herein and Plaintiff's damages as a result therefrom were the direct and proximate result of the negligence, carelessness, and recklessness of Defendant, TURGUNBAEV, as described herein, and, upon information and belief and should discovery and investigation reveal, in the following particulars:

- a. In operating the Sun Express vehicle into Plaintiff's vehicle;

- b. In continuing to operate the Sun Express vehicle toward the Plaintiff's vehicle when he knew or should have known that to do so would result in a collision;

- c. In operating the Sun Express vehicle off the travel lanes of the roadway;

- d. In re-entering the travel lanes of the roadway in an uncontrolled manner;

- e. In operating the Sun Express vehicle out of its lane of travel when such movement could not be made with safety;

- f. In failing to slow, stop, turn aside, or otherwise take evasive action to avoid the collision with the Plaintiff's vehicle;

- g. In failing to properly, promptly, and timely apply the brakes of the Sun Express vehicle so as to not strike the Plaintiff's vehicle;

- h. In failing to keep and maintain the Sun Express vehicle under control at all times;

- i. In failing to operate the Sun Express vehicle at a safe speed considering the road, traffic, weather, and visibility conditions then and there existing;

- j. In operating the Sun Express vehicle at a speed greater that that which was reasonable and prudent for the conditions existing at the time;

- k. In failing to keep an adequate and safe lookout for vehicles on the roadway around him, including the Plaintiff's vehicle;

- l. In failing to maintain his attention on the roadway ahead of him at all times while operating the Sun Express vehicle;

- m. In operating the Sun Express vehicle in a careless manner;

n. In failing to operate the Sun Express vehicle free of distractions;

o. In failing to sound a horn, flash headlights, or otherwise give warning to the Plaintiff's vehicle that a collision was about to occur;

p. In operating the Sun Express vehicle when he was not in a physically or mentally sound condition to do so;

q. In operating the Sun Express vehicle without the proper qualifications or certifications;

r. In operating the Sun Express vehicle while fatigued or in violation of the hours of service requirements of the FMCSR;

s. In operating the Sun Express vehicle without sufficient knowledge, experience, or training to allow him to be a safe operator of the Sun Express vehicle;

t. In operating the Sun Express vehicle without sufficient knowledge, experience, or training regarding accident avoidance;

u. In operating the Sun Express vehicle when he knew or should have known through reasonable inspection that the Sun Express vehicle was improperly maintained, dangerous, and unsafe for travel;

v. In failing to inspect the Sun Express vehicle prior to operating it;

w. In failing to ensure that the Sun Express vehicle was in safe and proper operating condition;

x. In failing to brake and/or steer to avoid colliding with the Plaintiff's vehicle;

y. In continuing the operation of the Sun Express vehicle when Defendant knew or should have known he could not safely and competently operate the vehicle; and

z. In violating the Pennsylvania Motor Vehicle Code, 75 Pa.C.S. §§ 3309, 3311(a), 3361, 3714, and 3736.

26.     Defendant, SUN EXPRESS, INC., is vicariously liable to Plaintiff, MICHAEL HART, under the doctrines of vicarious liability, respondeat superior, and/or master/servant responsibility for the negligence, carelessness, and recklessness of their employee, Defendant, TURGUNBAEV, committed during the course and scope of his employment with Defendant, SUN EXPRESS, INC.

27.     The conduct of Defendants, as specifically set forth in this Complaint, was outrageous, and done with reckless and wanton disregard to Plaintiff, MICHAEL HART's, life and wellbeing, and, as such, Plaintiff demands punitive damages in addition to the compensatory damages set forth herein.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, TURGUNBAEV and SUN EXPRESS, INC., for an amount in excess of $75,000, including compensatory and punitive damages, plus court costs and interest.

**A JURY TRIAL IS DEMANDED.**

**COUNT II**
**<u>MICHALE HART v. SUN EXPRESS, INC.</u>**
**NEGLIGENCE**

28.     All preceding paragraphs of this Complaint are incorporated herein by reference.

29.     At all times material hereto, Defendant, SUN EXPRESS, INC., acted by and through its officers, directors, agents, servants, and/or employees, including Defendant, TURGUNBAEV, who were acting at all times within the course and scope of their duties, agency, and/or employment with Defendant, SUN EXPRESS, INC.

30.     At all times material hereto, Defendant, SUN EXPRESS, INC, was engaged in the business of interstate trucking and was licensed as a common carrier of goods by the United States Department of Transportation (DOT) under license number 2887996.

31. At all times material hereto, Defendant, SUN EXPRESS, INC., was subject to and governed by the rules and regulations of the DOT regarding interstate trucking, including, but not limited to, the Federal Motor Carrier Safety Regulations (FMSCR).

32. At all times material hereto, Defendant, SUN EXPRESS, INC., owned, possessed, controlled, maintained, operated, and otherwise were responsible for the Sun Express vehicle operated by Defendant, TURGUNBAEV, described herein.

33. At all times material hereto, Defendant, SUN EXPRESS, INC., was an employer, as that term is defined in the FMSCR, of drivers, which drivers operated the vehicles owned and/or leased by Defendant, SUN EXPRESS, INC., in interstate trucking and other activities within the scope and regulation of the FMSCR.

34. The collision described herein and Plaintiff's damages as a result therefrom were the direct and proximate result of the negligence, carelessness, and recklessness of Defendant, SUN EXPRESS, INC., individually, as described herein, and, upon information and belief and should discovery and investigation reveal, in the following particulars:

    a. In failing to establish and/or enforce safe, proper, reasonable, and required guidelines, regulations, or safety instructions for its employees, including Defendant, TURGUNBAEV, regarding the prevention of collisions;

    b. In failing to establish and/or enforce safe, proper, reasonable, and required guidelines, regulations, or safety instructions for its employees, including Defendant, TURGUNBAEV, regarding the prevention of loss of control collisions;

    c. In failing to establish and/or enforce safe, proper, reasonable, and required guidelines, regulations, or safety instructions for its employees, including Defendant, TURGUNBAEV, regarding the safe operation of tractor-trailers;

    d. In failing to properly and/or adequately train or retrain its employees, including Defendant, TURGUNBAEV,

      regarding the inspection, maintenance, and operation of tractor-trailers;

e. In failing to properly and/or adequately train or retrain its employees, including Defendant, TURGUNBAEV, regarding the safe operation of tractor-trailers such that its employees did not operate tractor-trailers off of the roadway and/or into the side of other vehicles;

f. In failing to properly and/or adequately train or retrain its employees, including Defendant, TURGUNBAEV, regarding the safe operation of tractor-trailers in winter weather conditions;

g. In failing to properly and/or adequately train or retrain its employees, including Defendant, TURGUNBAEV, regarding the safe operation of tractor-trailers when the trailer was unloaded;

h. In failing to properly and/or adequately train or retrain its employees, including Defendant, TURGUNBAEV, regarding the safe operation of tractor-trailers pertaining to specifically driver inattentiveness or distraction;

i. In failing to properly and/or adequately train or retrain its employees, including Defendant, TURGUNBAEV, regarding the safe operation of tractor-trailers pertaining to specifically driver fatigue;

j. In failing to establish and/or enforce disciplinary protocol for its employees relating to motor vehicle violations or unsafe driving practices;

k. In failing to establish and/or enforce adequate and proper procedures regarding instruction, training, education, testing, supervision, management, hiring, firing, and/or discipline of is employees, including Defendant, TURGUNBAEV;

l. In failing to properly and/or adequately supervise its employees, including Defendant, TURGUNBAEV;

m. In failing to properly and/or adequately manage its employees, including Defendant, TURGUNBAEV;

n. In negligently entrusting a tractor-trailer to Defendant, TURGUNBAEV, when Defendant knew or should have

      known that he was not a safe and competent operator of tractor-trailers;

o. In failing to establish and/or enforce rules and regulations for its drivers, including Defendant, TURGUNBAEV, that required drivers to operate the tractor-trailer free of distractions at all times;

p. In failing to establish and/or enforce rules and regulations for its drivers, including Defendant, TURGUNBAEV, that prevented or prohibited drivers from operating tractor-trailers while fatigued, tired, or without adequate rest;

q. In failing to establish and/or enforce rules and regulations for its drivers, including Defendant, TURGUNBAEV, that ensured the hours of services requirements of the FMCSR were followed;

r. In equipping the tractor-trailer in question in with GPS and other communication equipment within the cab of the tractor in such a position and location that it could be used while driving and serve as a distraction to the driver of the tractor;

s. In in failing to properly supervise the actions of its employees, including Defendant, TURGUNBAEV;

t. In failing to establish and/or enforce rules and regulations regarding the regular and routine inspection of the tractors and trailers under its possession, direction, and control;

u. In setting unsafe and/or unreasonable schedules, delivery schedules, or timetables for its drivers or drivers within its control;

v. In failing to hire safe, competent, qualified, and properly trained drivers;

w. In failing to adequately investigate its employees', including Defendant, TURGUNBAEV education, training, experience, qualifications, and driving histories prior to hiring them as drivers;

x. In violating the ordinances, law, and statutes of the Commonwealth of Pennsylvania and/or federal law, in the manners described herein, relative to the safe operation of motor vehicles and/or tractor-trailers.

35. For the reasons set forth herein, Defendant, SUN EXPRESS, INC., breached its duty of care to Plaintiff, and said breach was the direct and proximate cause of the above-described collision and the damages claimed by Plaintiff.

36. The conduct of Defendants, as specifically set forth in this Complaint, was outrageous, and done with reckless and wanton disregard to Plaintiff, MICHAEL HART's, life and wellbeing, and, as such, Plaintiff demands punitive damages in addition to the compensatory damages set forth herein.

**WHEREFORE**, Plaintiff demands judgment in his favor and against Defendants, SUN EXPRESS, INC., for an amount in excess of $75,000, including compensatory and punitive damages, plus court costs and interest.

**A JURY TRIAL IS DEMANDED.**

## COUNT III
### PATRICIA HART v. GANIDJON TURGUNBAEV, and SUN EXPRESS, INC., LOSS OF CONSORTIUM

37. All preceding paragraphs of this Complaint are incorporated herein by reference.

38. At all times material hereto, Plaintiff, Patricia Hart, was married to Michael Hart and resided with him as his wife.

39. As a direct and proximate result of the injuries and damages caused to Michael Hart by Defendants, as set forth above, Plaintiff, Patricia Hart, has suffered the following damages:

   a. She has and may in the future suffer a loss of consortium;

   b. She has been and may in the future be deprived of the care, comfort, society, companionship, services, support, attention, and affection of her husband.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants, TURGUNBAEV and SUN EXPRESS, INC., for an amount in excess of $75,000, including compensatory and punitive damages, plus court costs and interest.

**A JURY TRIAL IS DEMANDED.**

                                        Respectfully submitted,
                                        AINSMAN LEVINE, LLC

Date: April 19, 2024                        By: _/s/ Erin K. Rudert, Esquire_
                                        Erin K. Rudert, Esquire
                                        310 Grant Street, Suite 1500
                                        Pittsburgh, PA 15219
                                        Tel: 412-338-9030
                                        Fax: 412-338-9167
                                        er@ainsmanlevine.com